AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

## For The District of Columbia

**UNITED STATES OF AMERICA**

V.

Lamarr Renea Pittman
DOB: 10/16/79

**CRIMINAL COMPLAINT**

CASE NUMBER:

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 1, 2005__ in __Washington, D.C.__ county, in the District of __Columbia__ defendant(s) did, (Track Statutory Language of Offense)

Pittman, did unlawfully, knowingly and intentionally conspire to provide false statement to a Federal firearms licensee during the acquisition of a firearm, in violation of 18 U.S.C. § § 922(a)(6) and 371.

in violation of Title __18__ United States Code, Section(s) __§ 922(a)(6) and 371__.

I further state that I am __Jeffrey S. Meixner, Special Agent with the Bureau of Alcohol, Tobacco & Firearms__, and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

AUSA, Denise Clark   (202) 353-8213
Sworn to before me and subscribed in my presence,

Signature of Complainant
Jeffrey S. Meixner, Special Agent
Bureau of Alcohol, Tobacco & Firearms

_____          at   __Washington, D.C.__
Date                                          City and State

_____          _____
Name & Title of Judicial Officer           Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. ___ |
| | ) | |
| LAMARR RENEA PITTMAN | ) | |
| | ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL**
**COMPLAINT AND ARREST WARRANT**

I, Jeffrey S. Meixner, having been duly sworn, depose and state as follows:

1. Your affiant in this matter is Special Agent (SA) Jeffrey Meixner of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is currently assigned to Group I of the Washington Field Division. I have been a Federal Law Enforcement Officer with the United States Government for approximately nine years, during my tenure as a Federal Law Enforcement Officer in Washington, D.C., and the surrounding metropolitan area, I have taken part in over 100 federal and local criminal investigations involving the use, possession and transfer of firearms, and narcotics related investigations. I have attended a number of schools and training venues hosted by ATF, HIDTA, and the Federal Law Enforcement Training Center dealing in various techniques of investigating crimes involving firearms and narcotic related offenses.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant charging LAMARR RENEA PITTMAN with conspiracy to provide false statements to a Federal firearms licensee during the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 371.

3. The facts and information in this affidavit are based upon the observations and knowledge of law enforcement officers involved in this investigation. This application contains information necessary to support probable cause for this application and is not intended to include each and every fact and matter observed by me or known to the government.

4. On or about August 4, 2005, Metropolitan Police Department Interdiction Unit was conducting interdiction operations at the Greyhound bus terminal located at 1005 First Street, N.E., Washington, D.C. Officer Alvarado and Officer Dino McFadden spoke with Darick NAPPER (B/M, XXXXXXXX, SSN# XXXXXXX, FBI# 8582RB3, MPD PDID# 481-426) on the sidewalk area adjacent to the bus terminal. NAPPER consented to a search of his bag.

5. A search of NAPPER's bag resulted in the discovery of a box of 37 rounds of 9mm ammunition. NAPPER was placed under arrest. A further search of NAPPER's person revealed Ruger , 9mm, pistol, Model P-95, SN# 315-49642 loaded with 10 rounds of ammunition, a black holster, firearms magazine loaded with 10 rounds of ammunition, four additional rounds of ammunition, 43 ziplock bags of crack cocaine, one ziploc bag of marijuana, and $591.72 in U.S. Currency. A search of NAPPER's bag revealed a Hipoint, .380 caliber, Model CF380 pistol, SN# P908333, loaded with eight rounds of ammunition, one PAI body armor vest, digital scale, black face mask, black ski mask, 23 ziploc bags.

6. On or about August 16, 2005, a firearms trace request was submitted to the ATF National Tracing Center for both of the recovered firearms. According to firearms trace results, the Ruger pistol was purchased on or about April 2, 2005, by PITTMAN, Lamarra Rene (B/F, XXXXXX, SSN#

XXXXXXX) from American Jewelry & Pawn inc. of Nash County, North Carolina T20050171133.

7.  On or about September 20, 2005 at approximately 1500 hrs, ATF Special Agent (SAs) Jeffrey Meixner and William Tuveson visited the residence of Lamarr Renea PITTMAN (B/F, XXXXXX, SSN: XXXXXXX) located at 206 Beet Lane, Scotland Neck, North Carolina. PITTMAN stated that she moved to Washington, D.C. on or about August 15, 2004 to live with her father at 317 Todd Place, N.E., Washington, D.C. In September, 2004, PITTMAN met an individual known to her as Darrick NAPPER.  PITTMAN dated NAPPER off and on through March, 2005.  PITTMAN stated that sometime between February and March, 2005, NAPPER asked her if she had a gun permit or knew anyone or anyplace that sells firearms in North Carolina.

8.  On or about April 1, 2005, NAPPER and PITTMAN traveled from Washington, D.C. to North Carolina. While enroute to North Carolina, NAPPER and PITTMAN discussed how PITTMAN would purchase a firearm for NAPPER because NAPPER had felony charges on his record, and that he was a felon.  While NAPPER was at her mother's house in Scotland Neck, North Carolina, PITTMAN looked in the yellow pages and found a pawn shop that sold firearms.  On or about Saturday evening, April 2, 2005, NAPPER, PITTMAN, and PITTMAN's friend Ronnetta WHITAKER (B/F, XXXXXXX, SSN# XXXXXXXX) visited the American Jewelry & Pawn Shop located in Rocky Mount, North Carolina.

9.  While inside the pawn shop, NAPPER showed PITTMAN the firearms that he wanted PITTMAN to purchase.  PITTMAN stated that NAPPER whispered things to PITTMAN to ask the salesmen and then asked a few questions himself.  PITTMAN stated that NAPPER and

WHITAKER stepped outside the store and PITTMAN remained inside the store to purchase the firearms.  NAPPER gave WHITAKER $300-$400, WHITAKER came back into the store with the money that NAPPER had given her to give to PITTMAN to purchase the firearms.  PITTMAN stated that she completed the firearm purchase paperwork, purchased the firearms, two boxes of ammunition, and took the firearms out of the store to her car where she placed them in the trunk.  PITTMAN stated that on or about April 3, 2005, PITTMAN drove NAPPER back to Washington, D.C.  PITTMAN stated that she drove NAPPER to an apartment building in Washington, D.C. where NAPPER removed the firearms from the car and took them inside the building.

      10.  PITTMAN stated that approximately two to four weeks later, NAPPER and PITTMAN drove back to North Carolina, and visited three or four pawn shops in the Fayetteville area.  PITTMAN stated at one of the pawn shops NAPPER showed her which firearm he wanted her to purchase.  PITTMAN stated that NAPPER provided her with the money to purchase the firearm, body armor, and ammunition.   PITTMAN stated that the next day PITTMAN drove NAPPER back to Washington, D.C. with the firearm, body armor, and ammunition.  Based on the foregoing, there is probable cause to believe that from in or about February 2005 through on or about May, 2005., within the District of Columbia and elsewhere, the defendant, LAMARR RENEA PITTMAN, did unlawfully, knowingly and intentionally conspire to provide false statements to a Federal firearms licensee during the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 371.

                                                _____
                                                Jeffrey S. Meixner
                                                Special Agent

                                          Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this _____ day of March, 2006.

_____
The Honorable
United States Magistrate Judge